IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) Civil Action No. |
| Plaintiff, | ) |
| v. | )<br>) |
| JAY MEDICAR TRANSPORTATION, LLC, a/k/a JAY TRANSPORTATION, f/k/a JAY MEDI-CAR, INC. | )<br>)<br>) JURY TRIAL DEMAND |
| Defendant. | )<br>)<br>) |

**COMPLAINT**

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the bases of sex, race, and retaliation and to provide appropriate relief to employees who were adversely affected by such practices. A class of female employees, including Tina Stillwell ("Charging Party"), was subjected to harassment because of their sex, including repeated and demeaning comments of a sexual nature and, in some cases, demands for sexual favors. A class of black employees was subjected to harassment on the basis of their race, including the use of derogatory racial epithets. Additionally, the Charging Party was subjected to retaliatory harassment and discharged after she complained about sex harassment and after she filed charges of discrimination with the United States Equal Employment Opportunity Commission.

**JURISDICTION AND VENUE**

1. This action is brought by the United States Equal Employment Opportunity Commission to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. § 2000e et seq.

2. This action is authorized and instituted pursuant to § 706(f)(1), § 706(f)(3), 42 U.S.C. §2000e-5(f)(1) §2000e-5(f)(3).

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345, 42 U.S.C. §§ 2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

4. The unlawful acts alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES AND OTHER PERSONS

5. Plaintiff United States Equal Employment Opportunity Commission ("Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1), Title VII, 42 U.S.C. §2000e-5(f)(1).

6. At all relevant times, Defendant Jay Medicar Transportation, LLC, a/k/a Jay Transportation, f/k/a Jay Medi-car, Inc. ("Defendant") has been a limited liability company doing business continuously in Illinois.

7. At all relevant times, Defendant has continuously had at least fifteen (15) employees.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

9. At all relevant times, and until 2007 or 2008, Jay Medi-car, Inc. was a corporation doing business continuously in Illinois.

10. At all relevant times, and until 2007 or 2008, Jay Medi-car, Inc. continuously had at least fifteen (15) employees.

11. At all relevant times, and until 2007 or 2008, Jay Medi-car, Inc. was an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

12. At some time in 2007 or 2008, Defendant assumed operation of all or a substantial portion of the business of Jay Medi-car, Inc.

13. Defendant is the successor in liability to Jay Medi-car, Inc. for all purposes related to this action.

## STATEMENT OF CLAIMS

14. On October 28, 2005, more than thirty (30) days prior to the institution of this action, Charging Party filed a charge of discrimination with the Commission alleging violations of Title VII by Jay Medi-car, Inc.

15. On December 2, 2005, more than thirty (30) days prior to the institution of this action, Charging Party filed a charge of discrimination with the Commission alleging violations of Title VII by Jay Medi-car, Inc.

16. On September 15, 2009, the Commission sent an Amended Letter of Determination to Defendant, notifying Defendant of the determinations made by the Commission in connection with the two charges filed with the Commission by Charging Party, and inviting Defendant to participate in an effort to resolve this matter by conciliation.

17. All conditions precedent to the institution of this lawsuit have been fulfilled.

18. Since at least March 2005, Defendant and/or Jay Medi-car, Inc. has engaged in discrimination against a class of female employees Chicago, Illinois facility, including the Charging Party, in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a). These unlawful employment practices include, but are not limited to:

(a) subjecting a class of female employees, including the Charging Party, to a hostile working environment because of their sex, including repeated use by a manager of language that was degrading to women, comments of a sexual nature and/or about female employees' bodies, and demands for sexual favors from female employees; and

(b) subjecting a class of one or more black employees to a hostile working environment because of their race, black, including use by a manager of derogatory racial epithets, including the use of the word "nigger."

19. Since at least the summer of 2005, Defendant and/or Jay Medi-car, Inc. has engaged

in retaliation, in violation of § 704(a) of Title VII, 42 US.C. 2000e-3(a), against the Charging Party because she engaged in statutorily protected activity, including opposing discrimination prohibited by Title VII and filing charges of discrimination with the Commission. These unlawful employment practices include, but are not limited to:

     (a) subjecting the Charging Party to a hostile working environment and other adverse terms and conditions of employment; and

     (b) discharging the Charging Party in or about August 2005 and again in or about November 2005.

     20. The result of the practices complained of above has been to deprive a class of female employees, including the Charging Party, of equal employment opportunities and otherwise adversely affect their status as employees because of their sex; to deprive a class of employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race; and to deprive the Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to unlawful discrimination and her filing of charges of discrimination with the Commission.

     21. The unlawful employment practices complained of above were and are intentional.

     22. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of each member of the classes of employees described above, including Charging Parties.

## **PRAYER FOR RELIEF**

     WHEREFORE, the Commission requests that this Court:

     A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex and/or race or which retaliate against employees for opposing employment practices prohibited by Title VII or for participating in any government investigation of discrimination;

     B.    Order Defendant to institute and carry out policies, practices and programs which

provide equal employment opportunities for its employees regardless of sex and race and regardless of opposition to practices prohibited by Title VII or participation in any government investigation of discrimination, and which eradicate the effects of Defendant's unlawful employment practices on all employees;

      C.      Order Defendant to make whole a class of female employees, including the Charging Party, by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful sex discrimination alleged above, including emotional pain, humiliation, and inconvenience in amounts to be determined at trial;

      D.      Order Defendant to make whole a class of black employees by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful race discrimination alleged above, including emotional pain, humiliation, and inconvenience in amounts to be determined at trial;

      E.      Order Defendant to make whole the Charging Party, by providing appropriate back pay with pre-judgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of the retaliation alleged above, including but not limited to front pay or rightful place reinstatement, compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful retaliation alleged above, including emotional pain, humiliation, and inconvenience in amounts to be determined at trial;

      F.      Order Defendant to pay punitive damages for the malicious and reckless conduct alleged above, in amounts to be determined at trial;

      G.      Grant such further relief as this Court deems necessary and proper in the public interest; and

      H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity
Commission
1801 "L" Street, N.W.
Washington, D.C. 20507

_____
John C. Hendrickson
Regional Attorney

_____
Gregory Gochanour
Supervisory Trial Attorney

_____
Justin Mulaire
Trial Attorney

Equal Employment Opportunity
Commission
500 West Madison Street
Suite 2000
Chicago, Illinois 60661
312-353-7722