Order Form (01/2005)

MHW

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1477 | **DATE** | September 2, 2010 |
| **CASE TITLE** | EEOC v. Jay Medicar Transp. LLC | | |

**DOCKET ENTRY TEXT:**

The Court DENIES the Defendant's Motion to Dismiss (doc. # 9). Defendant must answer the Complaint on or before September 24, 2010. Status Hearing set for September 28, 2010 at 9:30 a.m.

■[ For further details see attached order.]        Docketing to mail notice.

## STATEMENT

The EEOC sued Jay Medicar Transportation, LLC (Jay Medicar LLC or Defendant), alleging that it violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Jay Medicar LLC moves to dismiss, arguing that the EEOC has not adequately pleaded successor liability.

The EEOC captioned its complaint against Jay Medicar LLC, noting that it is also known as Jay Transportation and was formerly known as Jay Medi-Car, Inc. (Jay Medicar Inc.). In the body of its Complaint, the EEOC alleges that "at some time in 2007 or 2008, [Jay Medicar LLC] assumed operation of all or a substantial portion of the business of Jay Medicar Inc." Compl. ¶ 12. The EEOC next alleges that Jay Medicar LLC therefore is the successor in liability to Jay Medicar Inc. Defendant argues that these allegations fail to meet the pleading requirements refined recently by the Supreme Court.

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). In resolving a motion to dismiss, the Court treats well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Disability Rights Wise., Inc. v. Walworth County Bd. Of Supervisors*, 522 F.3d 796, 799 (7th Cir.2008). Legal conclusions, however, are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009). To survive a motion to dismiss under federal notice pleading, a plaintiff must provide a short and plain statement of his claim that provides "the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (internal quotation marks, brackets, and citation omitted).

## STATEMENT

Although recent Supreme Court decisions put to rest the 'no set of facts' pleading standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the Supreme Court insists that it has not adopted fact pleading or otherwise cast doubt on the validity of Rule 8. *See Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Nor must litigants plead legal theories. *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009); *see also Hatmaker v. Memorial Med. Ctr.*, — F.3d —, 2010 WL 3385191, at * 1 (7th Cir. 2010) (noting that *Twombly* and *Ashcroft* impose no obligation on plaintiff to plead legal theories); *Atlantic Mut. Ins. Co. v. Jardis Indus., Inc.*, 290 Fed. Appx. 940, 942 (7th Cir. 2008) (noting that *Twombly* imposes no obligation on plaintiff to plead legal theories). Rather, a plaintiff must plead facts in sufficient context that plausibly suggests an entitlement to legal relief. *Twombly*, 550 U.S. at 561-62; *Swanson v. Citibank, N.A.*, — F.3d. —, 2010 WL 2977297, at * 3 (7th Cir. Jul. 30, 2010) ("plaintiff must give enough details about the subject-matter of the case to present a story that holds together."). That level of detail changes with the complexity of the case. *Swanson*, 2010 WL 2977297, at *3.

Defendant argues that the EEOC has not pleaded sufficient facts to identify which of the four exceptions to Illinois' general non-liability for successors rule. But, as noted earlier, the EEOC need not identify legal theories under which they might be able to recover. Instead, it needs to plead sufficient facts to suggest that recovery is plausible. The EEOC pleaded that Jay Medicar LLC assumed all of or substantially all of the operations of Jay Medicar Inc — that is a fact, not a legal conclusion. The EEOC's pleadings also reveal that the names of the two entities are substantially similar and that they operated in the same state. And the Court can draw several reasonable inferences from these facts that make recovery plausible: 1) that the transaction amounted to a consolidation or merger of Jay Medicar LLC and Jay Medicar Inc; 2) that Jay Medicar LLC is merely a continuation of Jay Medicar Inc. or that there is a substantial continuity in the operation of the businesses of Jay Medicar Inc. and Jay Medicar LLC; and given the EEOC's allegations that the liability was incurred in 2005 and the Defendant was created in 2007 3) that Jay Medicar LLC was created to assume Jay Medicar Inc.'s operations for a fraudulent purpose of evading liability. Defendant also argues that the EEOC's allegations that it transformed from a corporation to a limited liability corporation are inconsistent, and therefore not plausible. Such an allegation, however, is not necessarily inconsistent if the EEOC establishes some basis for successor liability. This is not a case involving a complex conspiracy or RICO claim. It is a garden-variety employment discrimination muddled only by the apparent shift in name of the corporate entity. The EEOC has pleaded facts that make it plausible to infer that Jay Medicar LLC may be liable for Jay Medicar Inc.'s obligations. It need do nothing more.

Finally, Defendant argues for the first time in its reply brief that the EEOC's allegations regarding the substantive violations are inadequately pleaded. Arguments raised for the first time in reply are waived. *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010). In any event, the EEOC has raised more than sufficient factual allegations to put Jay Medicar on notice of the substantive claims against it.

The Court DENIES the Defendant's Motion to Dismiss.

*[Signature: Wm. J. Hibbler]*